# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY, | Case No.: 1:18-cv-00019-SAB (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS BE DENIED |
| WAYNE ELIT, | |
| Defendant. | [ECF No. 2] |

**I.**

**INTRODUCTION**

Plaintiff James Carl Kelly is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing a complaint on January 3, 2018. (ECF No. 1.)

Currently before the Court is Plaintiff's motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), filed on January 3, 2018. (ECF No. 2.)

**II.**

**LEGAL STANDARD**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma

pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## III.

## DISCUSSION

Plaintiff alleges that on December 14, 2017, at the health services clinic, Dr. Wayne Elit explained to him that his I.N.R. level was below 2.5, and Plaintiff stated that he needed a LOVENOX® injection to bring his range to 2.5 or 3.5. However, Dr. Elit disagreed, opining that Plaintiff only needed to take Coumadin® at a dosage of 7.5 mg. Plaintiff tried to explain to Dr. Elit that due to his medical history and conditions, he can only take medications such as Coumadin® if his I.N.R. is above 2.5, otherwise he must use LOVENOX®, or he will die. Plaintiff was told by several medical doctors at CHW Central California and Mercy Hospital in Bakersfield that due to his medical status, including tiny nodules on his left lung, anemia, and Hepatitis C, he could experience lung issues and even lung cancer if he is incorrectly given Coumadin®, and that he must use LOVENOX® if needed.

The Court finds that Plaintiff has incurred three or more strikes under section 1915(g) prior to filing this lawsuit. The Court takes judicial notice of the following cases: Kelly v. Youngblood, et al., No. 2:04-cv-02462-WBS-DAD (E.D. Cal. Dec. 29, 2004) (dismissed for the failure to state a claim); Kelly v. Sogge, et al., No. 2:08-cv-01823-CTB (E.D. Cal. May 5, 2010) (dismissed for the failure to state a claim); and Kelly v. Gyorkey, et al., No. 2:11-cv-02142-WBS-EFB (E.D. Cal. Aug. 6, 2012) (dismissed for the failure to state a claim).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on January 3, 2018. Andrews, 493

F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

In this case, liberally construing Plaintiff's allegations, he alleges that on December 14, 2017, his medical provider recommended a medical treatment which was potentially injurious to his health. However, in the section of the complaint addressing Plaintiff's exhaustion of administrative remedies, Plaintiff alleges that he filed an emergency appeal, and as part of the appeal, he was granted the LOVENOX® injection that he required as a heart disease patient, as well as the Coumadin®. (ECF No. 1, at p. 2.) Therefore, Plaintiff's suit is not based on any imminent threat of a serious physical injury at the time his complaint was filed. Rather, he wishes to sue his medical provider for the allegedly erroneous medical recommendation made on December 14, 2017.

The Court finds that these allegations do not meet the imminent danger exception. Andrews, 493 F.3d at 1053. At the time of Plaintiff's complaint, he affirmatively alleges that he had received the treatment that he required through his emergency appeal. His suit is based on past events of medical malpractice in making an allegedly faulty recommendation for treatment.[1]

For these reasons, Plaintiff is ineligible to proceed in forma pauperis in this action, and the Court recommends that he should be required to pre-pay the $400 filing fee to proceed in this case.

## IV.

## RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a Fresno District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

---

[1] In analyzing these issues, the Court is not making any finding on whether Plaintiff has adequately stated a claim upon which relief may be granted. 28 U.S.C. § 1915A(a). These findings and recommendations are limited to whether Plaintiff may proceed in forma pauperis with this complaint under the PLRA.

2. Plaintiff be required to pay the $400.00 filing fee within thirty (30) days of service of the Court's order adopting these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 10, 2018**

UNITED STATES MAGISTRATE JUDGE