UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY, | No. 1:18-cv-00019-DAD-SAB |
| Plaintiff, | |
| v. | ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS |
| WAYNE ELIT, | (Doc. Nos. 2, 7) |
| Defendant. | |

Plaintiff James Carl Kelly is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 3, 2018, plaintiff filed a motion to proceed *in forma pauperis* in this action. (Doc. No. 2.) On January 10, 2018, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's motion be denied and that plaintiff be required to pay the $400.00 filing fee in full to proceed with this action. (Doc. No. 7.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen days after service. (*Id.* at 4.) To date, plaintiff has filed no objections to the findings and recommendations, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the undersigned has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court finds

1

the findings and recommendations are not supported by the record and by proper analysis, and are therefore not adopted.

The findings and recommendations identified three prior cases filed by plaintiff that the assigned magistrate judge found to constitute strike dismissals under 28 U.S.C. § 1915(g). *See Kelly v. Gyorkey*, No. 2:11-cv-02142-WBS-EFB (E.D. Cal. Aug. 6, 2012); *Kelly v. Sogge*, No. 2:08-cv-01823-CTB, 2010 WL 1794126 (E.D. Cal. May 5, 2010); *Kelly v. Youngblood*, No. 2:04-cv-02462-WBS-DAD (E.D. Cal. Dec. 29, 2004). As to all of these cases, the findings and recommendations concluded that each had been dismissed for failure to state a claim. *See Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1051 (9th Cir. 2016) (noting that "[a] prisoner can incur a 'strike' for bringing an action 'that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'") (quoting 28 U.S.C. § 1915(g)). The undersigned believes that the conclusion set forth in the findings and recommendations as to the grounds upon which the dismissals were based is not fully supported by the records in the cited cases. This is because court records reflect that both *Sogge* and *Youngblood* were dismissed by the court due to plaintiff's failure to exhaust his administrative remedies, and in neither case did the court make any alternative holding that the complaint was inadequate in any other respect, nor was there a finding that the complaint in either case was frivolous or malicious. *See Sogge*, 2010 WL 1794126, at *4 ("For the reasons set out above, the Court GRANTS Defendants Bakewell, Edmondson, and Dunn's motion to dismiss Kelly's complaint for failure to exhaust administrative remedies."); *Youngblood*, No. 2:04-cv-02462-WBS-DAD, at 3 (recommending "that this action be dismissed without prejudice for failure to exhaust administrative remedies before bringing the action").

The question now before the court is, therefore, whether and under what circumstances a dismissal for failure to exhaust administrative remedies constitutes a "strike" dismissal for purposes of S§1915(g). Under binding Ninth Circuit law as it existed at the time *Sogge* and *Youngblood* were decided, the failure to exhaust administrative remedies under the PLRA was "treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003)

(citations omitted). Under this framework, courts were at that time permitted to "look beyond the pleadings and decide disputed issues of fact" in deciding a motion to dismiss for failure to exhaust administrative remedies. *Id.* at 1119–20. Subsequently, the Supreme Court considered the function of exhaustion under the PLRA and concluded that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Block*, 549 U.S. 199, 921 (2007). Recognizing the tension between the decisions in *Wyatt* and *Jones*, the Ninth Circuit revisited its holding in *Wyatt* and expressly overruled it in *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).

In *Albino* the Ninth Circuit announced that "[i]n a typical PLRA case, a defendant will have to present probative evidence . . . that the prisoner has failed to exhaust available administrative remedies." *Id.* at 1169. Because demonstrating exhaustion will normally require defendant to present evidence, therefore, exhaustion generally will be decided at the summary judgment stage rather than the pleading stage. *See id.* Nonetheless, the Ninth Circuit did not foreclose the possibility that, in "rare cases where a failure to exhaust is clear from the face of the complaint," a court could still dismiss the complaint under Rule 12. *Id.*; *see also Thompson v. DEA*, 492 F.3d 428, 438 (D.C. Cir. 2007) ("Even when failure to exhaust is treated as an affirmative defense, it may be invoked in a Rule 12(b)(6) motion if the complaint somehow reveals the exhaustion defense on its face.").

The Ninth Circuit has since considered the interaction between the exhaustion rules outlined in *Albino* and the "three strikes" rule under 28 U.S.C. § 1915, specifically addressing the circumstances in which a dismissal under Rule 12(b) for failure to exhaust could count as a strike for the purposes of seeking *in forma pauperis* status in a later case. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1043–44 (9th Cir. 2016). Whether a dismissal for failure to exhaust counts as a strike turns on whether "the district court considered documents outside the four corners of the complaint"—that is, whether the court was confronted with one of the "rare cases" identified in *Albino* "where a failure to exhaust is clear from the face of the complaint." *Id.* at 1044 (citing *Albino*, 747 F.3d at 1169). Thus, if a case is dismissed because the failure to exhaust was clear on

3

the face of the complaint, and no outside evidence was considered in reaching that determination, the dismissal would count as a strike. *Id.* On the other hand, if a court grants summary judgment for failure to exhaust and in reaching that conclusion considers material outside the complaint, such a dismissal would not count as a strike. *Id.*

As applied to the present case, whether plaintiff has suffered three prior strike dismissals turns on whether the courts in *Sogge* and *Youngblood* considered material outside of the complaint in dismissing those cases due to plaintiff's failure to exhaust administrative remedies. Turning first to *Youngblood*, the record indicates that neither the assigned magistrate judge nor the district judge considered material outside the four corners of the complaint. As noted by the assigned magistrate judge in that case, "plaintiff concedes that a grievance procedure is available at his institution and admits that he did not file a grievance concerning the facts of this case." *Youngblood*, No. 2:04-cv-02462-WBS-DAD, at 3. The district court summarily adopted the findings and recommendations in dismissing that action. *Youngblood*, No. 2:04-cv-02462-WBS-DAD (E.D. Cal. Dec. 29, 2004). This court interprets this prior ruling as being based only on the complaint itself; defendants did not file any responsive documents, and the findings and recommendations did not take judicial notice of or otherwise make any reference to evidence outside the complaint. *Youngblood* was, therefore, one of those "rare cases" identified by the Ninth Circuit in *Albino* where dismissal for failure to exhaust would be appropriate. Accordingly, the dismissal in *Youngblood* counts as a strike against plaintiff.

In *Sogge*, defendants moved to dismiss the complaint due to plaintiff's failure to exhaust his administrative remedies prior to filing suit. Defendants concurrently submitted a declaration from the Chief of Inmate Appeals for California stating that "Kelly has not received a third level decision for a complaint," and the district court found "no evidence before the Court to refute this fact." *Sogge*, 2010 WL 1794126, at *3. Relying on this outside evidence, the court in *Sogge* concluded that plaintiff had not exhausted his administrative remedies, and dismissed the case. *Id.* at 4. Although permissible under the law as it existed at the time under *Wyatt*, dismissal of the complaint would have been inappropriate after the decision in *Albino* because plaintiff's failure to exhaust was not apparent on the face of his complaint. Rather, the court proceeded to consider

outside evidence before ruling on the motion to dismiss. *See Albino*, 747 F.3d at 1169 (stating that in the typical case, a defendant will have to "plead and prove" that the prisoner failed to exhaust). More significantly for present purposes, the fact that dismissal for failure to exhaust was premised on consideration of extrinsic evidence means that the dismissal in *Sogge* cannot count as a strike dismissal against plaintiff under § 1915(g). *See El-Shaddai*, 833 F.3d at 1044.

Here, the findings and recommendations identify only three prior strike dismissals suffered by plaintiff (*see* Doc. No. 7 at 2) and the undersigned has concluded that one of the identified dispositions does not count as a strike, 28 U.S.C. § 1915(g) does not bar plaintiff from proceeding *in forma pauperis* in this action. Therefore, the undersigned declines to adopt the findings and recommendations. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **April 20, 2018**

UNITED STATES DISTRICT JUDGE