# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WAYNE ELIT,<br><br>　　　　Defendant. | Case No.: 1:18-cv-00019-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>[ECF No. 1] |

Plaintiff James Carl Kelly is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court for screening is Plaintiff's complaint, filed on January 3, 2018. (ECF No. 1.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names Dr. Wayne Elit as a defendant, a medical doctor at Kern Valley State Prison, where the events at issue are alleged to have occurred.

Plaintiff alleges that on December 14, 2017, at the health services clinic, Dr. Elit explained to him that his I.N.R. level was below 2.5, and Plaintiff stated that he needed a LOVENOX® injection to bring his range to 2.5 or 3.5. However, Dr. Elit disagreed, opining that Plaintiff only needed to take Coumadin® at a dosage of 7.5 mg. Plaintiff tried to explain to Dr. Elit that due to his medical history and conditions, he can only take medications such as Coumadin® if his I.N.R. is above 2.5, otherwise he must use LOVENOX®, or he will die. Plaintiff was told by several medical doctors at CHW Central California and Mercy Hospital in Bakersfield that due to his medical status, including tiny nodules on his left lung, anemia, and Hepatitis C, he could experience lung issues and even lung cancer if he is incorrectly given Coumadin®, and that he must use LOVENOX® if needed.

In the section of the complaint addressing Plaintiff's exhaustion of administrative remedies, Plaintiff alleges that he filed an emergency appeal, and as part of the appeal, he was granted the

LOVENOX® injection that he required as a heart disease patient, as well as the Coumadin®. (Compl., ECF No. 1, at 2.)

Plaintiff requests that he be placed under a different doctor and, if possible, that he be sent somewhere safe, as he does not feel safe at Kern Valley State. Prison.

## III.

## DISCUSSION

### A. Eighth Amendment Deliberate Indifference

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "Deliberate indifference is a high legal standard," Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence

is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

In this case, Plaintiff's allegations are insufficient to state a cognizable claim for deliberate indifference to serious medical needs. Based on the complaint, Plaintiff and Dr. Elit disagreed on the appropriate medication treatment for Plaintiff. Plaintiff states that previous providers had different recommendations, but this does not show more than a difference of medical opinion. Further, Plaintiff has not alleged any injury here, as he has affirmatively pleaded that through the medical appeal process, he was treated with the LOVENOX® injection that he required. Plaintiff's allegations do not support an Eighth Amendment deliberate indifference claim.

### B. Injunctive Relief

Plaintiff seeks that the Court order him to be treated by a different doctor, and that he be transferred to a different institution, if possible. Thus, the relief Plaintiff seeks is injunctive relief.

An inmate's claim for injunctive relief is rendered moot by his transfer to another facility, absent demonstration of any reasonable expectation of moving back to the first facility. Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (citing Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986). In this case, shortly after Plaintiff filed this action, he was transferred to a different institution; specifically, to Salinas Valley State Prison, in Soledad, California. (ECF No. 8.) Therefore, he is no longer being treated by Dr. Elit and is no longer being housed at Kern Valley State Prison. As a result, assuming the relief Plaintiff seeks would even be available in this action, it is now moot.

**IV.**

**RECOMMENDATION**

For the reasons explained, the Court finds that Plaintiff has failed to state a cognizable § 1983 claim in this action, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile."); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed for the failure to state a claim upon which relief may be granted.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **thirty (30) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 7, 2018**

UNITED STATES MAGISTRATE JUDGE